IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDIACO HOLDING INC. | ) |
| Plaintiff, | ) **COMPLAINT FOR BREACH** |
| | ) **OF CONTRACT** |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| DCN STUDIOS INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff MediaCo Holding Inc. d/b/a HOT 97 ("MediaCo" or "HOT 97"), by and through its undersigned counsel, Morgan, Lewis & Bockius LLP, for its Complaint against DCN Studios Inc. ("DCN" or "Defendant"), asserts as follows:

## NATURE OF THE ACTION AND RELEVANT BACKGROUND

1. This is an action for breach of contract and unjust enrichment resulting from DCN's failure to perform under the Sponsorship Agreement between MediaCo and DCN, dated April 29, 2022.

2. Plaintiff MediaCo Holding Inc. operates the popular New York-based radio station HOT 97, which hosts an extremely successful annual concert series "HOT 97 Summer Jam." On April 29, 2022, MediaCo and DCN entered into an Agreement for the Artist Lounge Title Sponsorship in connection with HOT 97's Summer Jam 2022. As Title Sponsor of the Artist Lounge, DCN agreed to pay a $350,000 Sponsorship Fee ("Fee") in exchange for certain HOT 97 advertising deliverables, including On-Air Ads, Digital Ads, and Event/Experiential advertisements at HOT 97's Summer Jam 2022.

3.  Justin Black, DCN's Co-Founder and Chief Technology Officer, signed the Agreement on DCN's behalf. Mr. Black's and DCN's actions and statements demonstrated that they understood their obligation to pay the Fee.

4.  Despite such understanding, DCN failed to make a single payment due under the Agreement, but nonetheless used HOT 97's name and logo in several of its own promotional advertisements, holding itself out as a sponsor of HOT 97's Summer Jam 2022.

5.  In compliance with the Agreement, HOT 97 prepared all deliverables promised under the Agreement other than those obligations for which performance has been excused or prevented by DCN. In doing so, HOT 97 allocated significant expenditures and resources to effectuate performance and was foreclosed from substantial opportunities with other potential sponsors.

6.  Despite HOT 97's performance, DCN failed to make a single payment due under the Agreement. As a result, MediaCo has suffered substantial damages beyond the amount of the Fee.

## THE PARTIES

7.  Plaintiff MediaCo Holding Inc. is a radio broadcasting media company that operates radio stations in the New York tri-state area. MediaCo is incorporated in the state of Indiana with its principal place of business at 395 Hudson Street, 7th Floor, New York, NY 10014.

8.  Defendant DCN Studios Inc. is a web3 internet entertainment media company incorporated in the state of Delaware, with its principal place of business at 2528 Adeline Street, Oakland, CA 94607.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1332, and MediaCo seeks damages in excess of $75,000.

10. This Court has personal jurisdiction over MediaCo and DCN because the Agreement was deemed to have been executed in New York state pursuant to Section 16 of Schedule A to the Agreement, which sets forth that disputes arising under the Agreement will be governed by the laws of the State of New York, and both MediaCo and DCN submitted to the jurisdiction of any State or Federal court in New York, New York.

11. Venue is proper in this Court under 28 U.S.C. § 1391 and Section 16 of Schedule A to the Agreement, which provides that any action arising out of the Agreement will be brought solely under the relevant court located in any State or Federal court in New York, New York, and that both parties submit to the jurisdiction and venue of any such court.

## FACTUAL ALLEGATIONS

### The Agreement

12. On April 29, 2022, MediaCo and DCN entered into an Agreement for the Artist Lounge Title Sponsorship (the "Agreement") (attached hereto as Exhibit 1) in connection with HOT 97's Summer Jam 2022, which was held on June 12, 2022.

13. The Agreement provides that: "As full and complete consideration for the sponsorship rights as set forth herein, Sponsor shall pay HOT 97 $350,000 (the 'Fee'). The Fee shall be non-refundable and due and payable in accordance with the terms and conditions outlined in Schedule A, which is incorporated by reference herein." Exhibit 1, Agreement § 4 (*see also* Schedule A of Agreement, attached hereto as Exhibit 2).

14. As Title Sponsor of the Artist Lounge, DCN agreed to pay the $350,000 Fee in exchange for certain advertising deliverables, including On-Air Ads, Digital Ads, and Event/Experiential advertisements at HOT 97's Summer Jam 2022. See Exhibit 1, Agreement § 3 ("[i]n connection with this Agreement, HOT 97 shall deliver the following advertising inventory, if any, to Sponsor, in accordance with the order form attached hereto as Schedule B," (see also Schedule B to Agreement, attached hereto as Exhibit 3).

**Sponsorship Rights**

15. The Agreement provided that DCN, as Sponsor, was entitled to "create and distribute its own marketing materials stating that it is an official sponsor" of HOT 97's Summer Jam 2022, "incorporating both information about the Event and a pre-approved mark of HOT 97." Exhibit 2, Schedule A, § 4.

16. The Agreement further provided, in part, that "each party shall be entitled to use photographs and/or videotaped recording of HOT 97's Summer Jam 2022 Event in any of such party's marketing and promotional materials, provided that they do not include the other party's name, logo, likeness, or other marks or identifying characteristics of any kind without prior written approval." Id. at § 5.

17. In addition, under the Agreement, MediaCo was to deliver more than 20 different forms of sponsored marketing, advertising DCN's sponsorship of HOT 97's Summer Jam 2022. See Exhibit 3, Schedule B.

**Sponsorship Fees**

18. The Agreement became effective upon signing, on April 29, 2022, at which time DCN's "cash-in-advance" payment of the $350,000 fee became due. See Exhibit 1, Agreement; Exhibit 2, Schedule A, § 1.

19. Schedule A to the Agreement provided that "[a]s full and complete consideration for the sponsorship rights as set forth herein, [DCN] shall pay HOT 97 the full Fee amount as outlined in the Agreement." Exhibit 2, Schedule A, § 6.

20. Schedule A further provided that "late payments shall be subject to interest charges (the highest amount permissible by applicable law) and collection cost reimbursement." Id.[1]

21. Lastly, per Schedule A of the Agreement, "the failure of either party to require performance by the other party of any provision hereof will not affect the full right to require such performance at any time thereafter; nor will the waiver by either party of a breach of any provision hereof be taken or held to be a waiver of the provision itself." Id. at § 19.

### DCN Breaches the Agreement

22. In connection with executing the Agreement, DCN submitted a credit application, dated April 29, 2022, in which it applied to receive financing for the $350,000 Fee. When the application was processed by MediaCo's finance department, MediaCo concluded it was unable to extend DCN credit. However, MediaCo suggested a payment plan under which the Fee would be paid in four installments of $87,500 on a weekly basis beginning May 13, 2022.

23. DCN accepted MediaCo's proposed payment plan on May 11, 2022. Mr. Black emailed MediaCo indicating his agreement to the proposed payment schedule, inquiring whether HOT 97 would be willing to accept cryptocurrency for the payment of the Fee (see email attached hereto as Exhibit 4).

24. On May 12, 2022, Mr. Black emailed MediaCo again stating that he and DCN were "good to go on a payment schedule. Moreover we hope to just pay the full amount. I have

---

[1] Pursuant to NY CPLR § 5004, "Interest shall be at the rate of nine per centum per annum."

already initiated the movement of funds from crypto into our account.  This is not a complex move for us, just gets delayed at times moving back into US currency period" (see email attached hereto as Exhibit 5).

25. These statements (and others made by DCN over the next several days) clearly expressed an intent by DCN to pay the Fee, on which MediaCo relied.  In other correspondence ensuing over the next several days, DCN gave various excuses for why the funds had not yet been paid.  None of these excuses appear to have been legitimate, and in hindsight, appear to have been calculated deliberately to take advantage of the wide appeal of Hot 97's long-running Summer Jam without having to pay for the privilege of associating with Summer Jam.

26. During these drawn-out discussions and in reliance on DCN's representations, MediaCo continued preparing its advertising deliverables due under the Agreement, including, but not limited to email, video, and recorded radio advertisements, a written article for promotion on HOT 97's website, and access to HOT 97's promotional package of content for use on DCN's videos and social media posts. It is clear that DCN never had any intention of making any payments to MediaCo.

27. Despite its continued failure to pay the Fee under the Agreement, between May 10, 2022 and May 12, 2022, DCN published several social media posts, advertising its sponsorship of HOT 97's Summer Jam 2022.  This includes, but is not limited to, a video posted to YouTube on May 12, 2022, titled "DAILY DROPS – FLASH – HOT 97 TEAMS UP WITH DCN STUDIO TO BRING YOU SUMMER JAM 2022 IN NYC."  See Exhibit 6.

28. Also in May, DCN posted a video to its social media accounts that not only promoted Summer Jam but also falsely claimed to be the title sponsor: "Sunday, June 12, Hot97

Summer Jam 2022, Met Life Stadium, ***brought to you by DCN Studios***!"  See below and Exhibit 7 (emphasis added).



29.     In addition to advertising its purported sponsorship of HOT 97's Summer Jam 2022 on varying social media platforms, DCN maintained a page on its website dedicated to advertising its "Hot 97 Summer Jam Scavenger Hunt Giveaway."  See below and Exhibit 8.



7

30. Having failed to make a single payment under the Agreement, on June 10, 2022, MediaCo sent DCN and Mr. Black a notice of Anticipatory Breach of Sponsorship Agreement and Demand to Cease and Desist from Use of Intellectual Property" (the "Notice") (attached hereto as Exhibit 9). MediaCo, believing DCN to have repudiated the Agreement, demanded full payment of the Fee. The Notice provided that should DCN "fail to make such a payment, [MediaCo] will have no choice, but to exercise any and all rights under the law or otherwise for the full amount plus damages against DCN and its affiliates." Id.

31. The Notice further instructed that "DCN has no right to use the name and likeness of HOT 97, HOT 97 Summer Jam or any intellectual property of MediaCo and must immediately cease and desist of any and all use, including but not limited to the online and social media posts. All copies of such intellectual property, including electronic, must either be delivered to HOT 97 or immediately destroyed. Failure to cease and desist from such unauthorized use [will] result in continued damages." Id.

32. HOT 97's Summer Jam 2022 took place, as scheduled, on June 12, 2022. MediaCo and HOT 97 were forced to proceed with the event without a Title Sponsor of the Artist Lounge, having foregone other potential sponsors in lieu of DCN.

33. On June 14, 2022, DCN responded to the Notice requesting an extension of time to coordinate wiring the Fee to MediaCo. MediaCo consented the same day, granting DCN an extension to provide payment in full until Friday, June 17, 2022. MediaCo stated that the extension was granted on the condition that DCN comply with MediaCo's demand to cease and desist from using any of HOT 97's intellectual property and provided a screenshot of DCN's website, which continued to advertise it's purported HOT 97 Summer Jam sponsorship.

34. Receiving no payments by the granted extension, on June 21, 2022, MediaCo emailed DCN and Mr. Black again, stating that their unresponsiveness makes it clear that they did not intend to fulfill their obligations.

35. As part of its pattern and practice, DCN responded with an entirely new proposal to pay the already-past-due amount of $350,000 in installments over the next *three years*, along with additional terms and conditions never agreed to by MediaCo.  Counsel for MediaCo contacted DCN on July 18, 2022 and attempted to resolve the dispute over the agreed-upon contract terms without court intervention.  Such efforts were again, without success.

36. To date, DCN has not paid any portion of the Fee due under the Sponsorship Agreement.

## DCN's Actions Cause MediaCo Significant Damage

37. The failed Agreement has caused MediaCo to suffer significant damages, including foreclosure from substantial opportunities with other potential sponsors.

38. In reliance on DCN's obligations under the Agreement, MediaCo provided all deliverables as promised under the Agreement and allocated significant expenditures and resources to effectuate such performance.

39. Despite MediaCo's performance, DCN failed to make a single payment under the Agreement.  As a result, MediaCo has suffered substantial damages beyond the amount of the Fee.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

40. MediaCo repeats and realleges the allegations set forth in paragraphs 1 through 39.

41. The Agreement is a valid contract enforceable by MediaCo.

9

42. On or around May 13, 2022, DCN breached the Agreement by failing to pay the Fee due under the Agreement.

43. MediaCo has fully performed all of its obligations under the Agreement other than those obligations for which performance has been excused or prevented by DCN.

44. DCN has not cured and cannot timely cure its breaches of the Agreement as HOT 97's Summer Jam 2022 event has since concluded.

45. As a direct and proximate result of DCN's conduct, MediaCo has suffered significant damage in any amount to be proven at trial.

## **SECOND CLAIM FOR RELIEF**
(Unjust Enrichment)

46. MediaCo repeats and realleges the allegations set forth in paragraphs 1 through 45.

47. DCN freely and intentionally advertised its purported sponsorship of HOT 97's Summer Jam 2022.

48. In doing so, DCN unilaterally benefited from its purported sponsorship of Summer Jam 2022 and was enriched at MediaCo's expense.

49. It would be against equity and good conscience to permit DCN to retain the benefit it received from MediaCo.

## **PRAYER FOR RELIEF**

WHEREFORE, MediaCo seeks judgment against Defendant DCN as follows:

a. An award of damages in the amount of the Sponsorship Fee due under the agreement, $350,000;

      b.      Agreement further provided that "late payments shall be subject to interest charges (the highest amount permissible by applicable law) and collection cost reimbursement." <u>Id</u>.

      c.      An award of damages in the amount that MediaCo suffered as a result of DCN's breach of the Agreement and the resulting consequences, in an amount to be determined at trial;

      d.      Pre-judgment interest on its damages in an amount to be determined at trial;

      e.      MediaCo's costs and disbursements of this action, including reasonable attorneys' fees; and

      f.      Such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

MediaCo demands a trial by jury on all issues so triable.

December 22, 2022

Respectfully submitted,

<u>/s/ Su Jin Kim</u>
Su Jin Kim (Bar No. 4849568)
Elizabeth Hood (Bar No. 5544515)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 1.215.963.5000
Fax: 1.215.963.5001
su.kim@morganlewis.com
elizabeth.hood@morganlewis.com

<u>/s/ Sarah E. Hsu Wilbur</u>
Sarah E. Hsu Wilbur (Bar No. 5700950)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: 1.212.309.6000
Fax: 1.212.309.6001
sarah.wilbur@morganlewis.com

*Attorneys for Plaintiff MediaCo Holding Inc.*