UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MEDIACO HOLDING INC.,

                        Plaintiff,                        22-cv-10827 (PKC)

      -against-                        ORDER

DCN STUDIOS INC.,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff MediaCo Holding Inc. ("MediaCo") moves for entry of default judgment against defendant DCN Studios Inc. ("DCN"). (ECF 23.) The motion will be granted and MediaCo will be awarded $350,000 in damages, $28,910.96 in prejudgment interest, and $673.90 in costs.

        MediaCo is a radio broadcasting media company that operates radio stations in the New York tri-state area, including the New York-based radio station "HOT 97." (ECF 1 ¶¶ 2, 8.) DCN is alleged to be a "web3 internet entertainment media company." (Id. at ¶ 8.) MediaCo commenced this action against DCN by filing a complaint on December 22, 2022. (ECF 1.) MediaCo brings claims for breach of contract and unjust enrichment resulting from DCN's alleged failure to perform under a sponsorship agreement (the "Sponsorship Agreement") between them. Subject matter jurisdiction is based on diversity of citizenship. (Id. ¶¶ 7-9.)

        On December 27, 2022, MediaCo served process on Charlotte Banice, who is designated by law to accept service of process on behalf of DCN's registered agent. (ECF 15.) DCN has not answered or otherwise appeared in this case. The Clerk of Court issued as

1

Certificate of Default on January 23, 2023.  (ECF 18.)  MediaCo moved for entry of default judgment on February 24, 2023, and DCN has not responded.  (ECF 23.)

The Court has personal jurisdiction over DCN because Schedule A to the Sponsorship Agreement provides that "any action arising out of the agreement will be brought solely . . . in any State or Federal court located in New York, New York" and that "[b]oth parties hereby submit to the jurisdiction and venue of any such court."  (ECF 1 ¶ 10, ECF 1-2 ¶ 16.)

MediaCo's motion for default judgment will be granted as to liability.  When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted with respect to liability.  Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  Here, the complaint plausibly alleges that MediaCo and DCN entered into the Sponsorship Agreement on April 29, 2022, in connection with a successful annual concert series hosted by MediaCo, "HOT 97 Summer Jam."  (ECF 1 ¶¶ 2, 12.)  Under the Sponsorship Agreement, DCN was to be the "Title Sponsor of the Artist Lounge" and agreed to pay a $350,000 fee ("the Sponsorship Fee") in exchange for advertising at the HOT 97 Summer Jam 2022 and the right to create and distribute its own marketing materials stating that DCN was an official sponsor of the event.  (Id. ¶¶ 2, 13-16.)  DCN applied receive financing for the Sponsorship Fee, but MediaCo concluded it was unable to extend DCN credit.  (Id. ¶ 22.)  MediaCo instead suggested a payment plan under which DCN would pay the Sponsorship Fee in four installments on a weekly basis beginning May 13, 2022.  (Id.)  DCN agreed to the payment plan.  (Id. ¶ 24; ECF 1-5 (email from DCN to MediaCo on May 12 stating, "We are good to go on a payment schedule.").)

The Complaint plausibly alleges that DCN failed to make a single payment due under the Sponsorship Agreement but used HOT 97's name and logo its own advertising.  (ECF

1 ¶¶ 4, 27-30, 36.)  It further alleges that MediaCo performed by preparing "all advertising deliverables promised under the [Sponsorship] Agreement other than those for which performance has been excused or prevented by DCN." (ECF 1 ¶¶ 5, 26.)  Accordingly, the Court concludes that MediaCo has established liability on the part of DCN.

MediaCo seeks damages in the amount of the unpaid $350,000 Sponsorship Fee, plus prejudgment interest from May 13, 2022, at a rate of 9% per annum.  (ECF 24 ¶ 15; ECF 25; N.Y. C.P.L.R. § 5004.)  On a motion for default judgment, the Court must determine whether there is a reasonable basis for the damages specified by the moving party.  See Rule 55(b)(2), Fed. R. Civ. P.; Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989)).  While Rule 55(b) permits a court to conduct a hearing on damages, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, 109 F.3d at 111 (quoting Fustok, 873 F.2d at 40).  An appropriate basis for determining damages includes "detailed affidavits and documentary evidence."  Fustok, 873 F.2d at 40.

The Court concludes that the Sponsorship Agreement provides a basis for the damages sought.  The Sponsorship Agreement and Schedule A thereto provided that DCN was to pay MediaCo the $350,000 Sponsorship Fee "[a]s full and complete consideration for the sponsorship rights" and that "[l]ate payments shall be subject to interest charges" in "the highest amount permissible by applicable law."  (ECF 1-1 ¶ 4; ECF 1-2 ¶ 6.)

MediaCo also seeks reimbursement of costs in the amount of $673.90, consisting of a $402.00 Clerk's fee and $271.90 in process server fees.  (ECF 24 ¶ 16; ECF 25.)  Schedule A to the Sponsorship Agreement provides that late payments shall be subject to "collection cost

3

reimbursement." (ECF 1-2 ¶ 6.) An affidavit submitted by MediaCo annexes process server invoices showing a total of $271.90, (ECF 24-7), and the docket entry for the complaint notes the $402 Clerk's fee, (ECF 1 ("Filing Fee $ 402.00, Receipt Number ANYSDC-27126873)")). The Court therefore concludes there is a reasonable basis for the costs sought.

MediaCo does not seek attorneys' fees as part of its motion for default judgment. (ECF 24 ¶ 18.)

CONCLUSION

The Court concludes that MediaCo has demonstrated its entitlement to entry of a default judgment, and has demonstrated its entitlement to damages, prejudgment interest, and costs.

MediaCo's motion for default judgment is GRANTED. The Clerk is directed to enter judgment in favor of the plaintiff in a total amount of $379,584.86, reflecting $350,000 in damages, $28,910.96 in prejudgment interest from the period May 13, 2022, to the date of this judgment, and $673.90 in costs.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 13, 2023